OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated February 18, 2010, containing two charges of professional misconduct. After a hearing on July 11, 2011, at which the respondent appeared pro se, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee’s report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent opposes the Grievance Committee’s motion.
Charges one and two of the petition are predicated upon a common set of factual allegations, as follows:
The respondent filed a motion for summary judgment dated July 4, 2003, in Civil Court, Queens County, on behalf of GPM Chiropractic, PC., in an action entitled GPM Chiropractic, P.C., as Assignee of Martinez Lydia v Nationwide Ins. Co. (index No. 042664/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 22, 2004, the Civil Court denied the motion “due to [the plaintiffs] failure to submit a properly signed affidavit of merit. Although the affidavit submitted in support of the motion states to be by Ernest Horowitz, M.D., the signature page, which does not contain an original signature, indicates that it was signed by Paul Mostun, D.C.”
*123 The respondent filed a motion for summary judgment dated July 9, 2003, in Civil Court, Queens County, on behalf of V.S. Medical Servs., P.C., in an action entitled V.S. Medical Servs., P.C., as Assignee of Sammy Karam v Lumbermans Ins. Co. (index No. 106920/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. While [the respondent] argued that the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for summary judgment dated May 5, 2004, in Civil Court, Queens County, on behalf of V.S. Med. Servs., P.C., in an action entitled V.S. Med. Servs., P.C., as Assignee of Melissa Collazo v Clarendon Ins. Co. (index No. 138536/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. WTiile [the respondent] argued that the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for summary judgment dated September 2, 2003, in Civil Court, Queens County, on behalf of A.M. Medical, P.C., in an action entitled A.M. Med., P.C., as Assignee of Simonovskaya Irina v Kemper Ins. Co. (index No. 82526/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. "While [the respondent] argued that the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court *124 will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for partial summary judgment dated March 25, 2003, in Civil Court, Queens County, on behalf of V.S. Medical Services, P.C., in an action entitled V.S. Med. Servs., P.C. as Assignee of Concepcion Joanid v Travelers Ins. Co. (index No. 45363/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. While [the respondent] argued that the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for summary judgment dated July 20, 2003, in Civil Court, Queens County, on behalf of Bronx Borough Medical, P.C., in an action entitled Bronx Borough Med., P.C., as Assignee of Carlos Ortiz v Progressive Ins. Co. (index No. 46018/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. While [the respondent] argued that the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for partial summary judgment dated April 9, 2003, in Civil Court, Queens County, on behalf of East Coast Acupuncture, P.C., in an action entitled East Coast Acupuncture, P.C., as Assignee of Taveras Elizabeth v Eagle Ins. Co. (index No. 45335/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated August 16, 2004, the Civil Court denied the motion, finding that, at a hearing held on July 13, 2004, the respondent “admitted that the instant motion served upon the court differed from the motion served upon the defendant. While [the respondent] argued that *125 the differences in the papers were de minimus, it appears to the court [that] the differences are substantial and intentional. This court will not entertain motions that do not strictly comply with CPLR 2214 (c).”
The respondent filed a motion for summary judgment dated January 22, 2004, in Civil Court, Queens County, on behalf of PDG Psychological, PC., in an action entitled PDG Psychological, P.C., as Assignee of Ekaterina Tchkadova v State Farm Mut. Ins. Co. (index No. 100072/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision dated March 3, 2005, the Civil Court denied the motion, finding, inter alia, that the respondent “has submitted papers, which, in accordance with [his] affirmation of service filed with the court, have not been properly served [upon the opposing side]. As such the court may not consider the purported affidavit and as such, [the plaintiff] cannot make its prima facie showing.” The respondent “annexes the purported affidavit of Philip Goldstein, Ph.D., which the court cannot consider [s/c] the affidavit annexed is sworn to on June 20, 2004, while [the respondent’s] affirmation of service avers that service of the within Notice of Motion & Motion for Summary Judgment & Exhibits were served February 3, 2004.”
The respondent filed a motion for summary judgment dated January 26, 2004, in Civil Court, Queens County, on behalf of Oleg Barshay, D.C., P.C., in an action entitled Oleg Barshay, D.C., P.C., as Assignee of Dorelus Bradford v State Farm Mut. Ins. Co. (index No. 47044/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision dated March 4, 2005, the Civil Court denied the motion, finding, inter alia, that the respondent “has submitted papers, which, in accordance with [his] affirmation of service filed with the court, have not been properly served [upon the opposing side]. As such the court may not consider the purported affidavit and as such, [the plaintiff] cannot make its prima facie showing.” The Civil Court further stated that the respondent “annexes the purported affidavit of Oleg Barshay, D.C., which the court cannot consider. The court finds that the papers filed with the court include an affidavit sworn to on June 14, 2004, while [the respondent’s] affirmation of service avers that service of the within Notice of Motion & Motion for Summary Judgment & Exhibits were served February 3, 2004. Finally, the court is losing patience *126 with [the respondent], who appears to be oblivious to the procedures set forth in the CPLR with respect to filing with the court the same papers one serves upon the opposing side, as he continues to submit motions before the annexed affidavits are even executed and notarized.”
The respondent filed a cross motion for summary judgment dated June 29, 2004, in Civil Court, Queens County, on behalf of IVB Medical Inc., in an action entitled TVB Med. Supply, Inc., as Assignee of Harold Soto v State Farm Mut. Ins. Co. (index No. 038430/04), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated March 28, 2005, the Civil Court denied the cross motion, finding that the NF-3 claim form served upon defense counsel was not signed. Yet, “[mysteriously,] the claims forms annexed to the plaintiffs papers [filed with the court] have a signature of ‘Berlovich.’ The court has previously admonished [the respondent] for the ‘bait and switch’ tactics used when submitting papers to the court.”
The respondent filed a motion for summary judgment dated January 26, 2004, in Civil Court, Queens County, on behalf of PDG Psychological, P.C., in an action entitled PDG Psychological, P.C., as Assignee of Patricia Sandino v GEICO Ins. Co. (index No. 139065/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated May 13, 2005, the Civil Court denied the motion, finding, inter alia, “in the matter at bar, it is apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that the supporting affidavit of Phil Goldstein, M.D., filed with the court and signed and notarized on June 20, 2004, is clearly not the same supporting affidavit contained [in the copy of the motion served upon defense counsel] which, according to the affirmation of service of [the respondent], were served upon [the defendant] on February 3, 2004 — four months before. The allegation of counsel contained in his affirmation as to service of [the plaintiffs] motion papers, purportedly including the supporting affidavit contained therein, is an impossibility. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a motion for summary judgment dated April 26, 2004, in Civil Court, Queens County, on behalf of PDG *127 Psychological, P.C., in an action entitled PDG Psychological, P.C., as Assignee of Joseph Donna v Travelers Ins. Co. (index No. 100063/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated May 16, 2005, the Civil Court denied the motion, finding, inter alia, that it is “apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that the NF-3 claim form contained in the motion papers submitted to the court appears to have been altered. It appears that the handwritten name of the plaintiff health provider has been added above the printed name ‘Philip D. Goldstein’ in the space allotted for the provider’s signature, with the handwritten word ‘by’ also added to the immediate left thereof. Therefore, as it cannot be established that [the] plaintiff has submitted a copy of the actual NF-3 claim form allegedly submitted to [the defendant], [the] plaintiff cannot establish its submission to [the] defendant of its proof of claim.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of Omni Chiropractic, P.C., in an action entitled Omni Chiropractic, P.C., as Assignee of Victor Ramos v New York Cent. Mut. Fire Ins. Co. (index No. 139599/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated May 16, 2005, the Civil Court denied the motion, finding, inter alia, “as disclosed upon the sanctions hearing . . . the moving papers filed with the court differed from that which were served upon [the] defendant. In view of such defect, the allegation in the affirmation as to service of [the respondent] that the within motion papers were served upon the defendant [is] patently erroneous and, at best, mistaken. The defendant is prejudiced by the very fact of its unawareness, on the return date, of the substance of the actual moving papers submitted to the Court for its consideration.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of PDG Psychological, P.C., in an action entitled PDG Psychological, P.C., as Assignee of Dawn Miller v General Assur. Co. (index No. 032304/04), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 17, 2005, the Civil Court denied the motion, finding, inter alia, that the dis *128 crepancy in the dates of the affidavit of Phil Goldstein submitted in support of the motion (March 22, 2004), and [the respondent’s] affirmation in support of the motion (March 12, 2004), “raises doubt that the copy of the document submitted is that of the actual supporting affidavit itself, as required by CPLR 2214, and also leaves open to speculation the propriety of [the] plaintiff’s motion papers as a whole. Additionally, the purported NF-3 proof of claim allegedly submitted to [the] defendant appears to have been altered as the wording ‘PDG Psychological, PC. By’ was clearly added after the issuance of the original NF-3.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of Contemporary Acupuncture, P.C., in an action entitled Contemporary Acupuncture, P.C., as Assignee of Victor Ramos, Also Known as Victor Robles v New York Cent. Mut. Fire Ins. Co. (index No. 139595/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 17, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent, as corroborated upon the sanctions hearing . . . that the one page supporting affidavit of Arkady Kiner, filed with the court and signed and notarized on March 12, 2004, is clearly not the same supporting affidavit as the undated two page supporting affidavit that was served upon [the defendant]. The allegation of [the respondent] contained in his affirmation as to service of [the] plaintiffs motion papers, purportedly including the supporting affidavit contained therein, is therefore erroneous. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a motion for summary judgment dated March 11, 2004, in Civil Court, Queens County, on behalf of PDG Psychological, PC., in an action entitled PDG Psychological, P.C., as Assignee of Melissa Charon v Progressive Cas. Ins. Co. (index No. 128621/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 17, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent, as corroborated upon the sanctions hearing . . . that the one page supporting affidavit of Phil Goldstein, Ph.D., filed with the court and signed and *129 notarized on March 11, 2004, is clearly not the same supporting affidavit as the undated and [un-notarized] two page supporting affidavit, which was served upon [the] defendant. The allegation of [the respondent] contained in his affirmation as to service of [the] plaintiffs motion papers, purportedly including the supporting affidavit contained therein, is therefore erroneous. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of Delta Diagnostic Radiology, P.C., in an action entitled Delta Diagnostic Radiology, P.C., as Assignee of Jefferson Zelon v Progressive Cas. Co. (index No. 38710/04), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 17, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent, as corroborated upon the sanctions hearing . . . that the one page supporting affidavit of Charles DeMarco, M.D., filed with the court, and signed and notarized on March 12, 2004, is clearly not the same supporting affidavit dated March 22, 2004, which was served upon [the] defendant. The allegation of [the respondent] contained in his affirmation as to service of [the plaintiffs] motion papers, purportedly including the supporting affidavit contained therein, is therefore erroneous. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a cross motion for summary judgment dated August 9, 2004, in Civil Court, Queens County, on behalf of IVB Medical Supply, Inc., in an action entitled IVB Med. Supply, Inc., as Assignee of Ericson B. Ramirez v State Farm Mut. Ins. Co. (index No. 38441/04), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 20, 2005, the Civil Court denied the cross motion, finding, inter alia, “as corroborated upon the sanctions hearing . . . the document submitted to the Court as the NF-3 in this action is not the NF-3 which was received by [the] defendant on June 2, 2003 — the May 28, 2003 NF-3 received by the defendant, as opposed to the purported NF-3 submitted to the court, being *130 unsigned, billing the amount of $671 (rather than $675.50) and listing the items allegedly provided in a different order.”
The respondent filed a motion for summary judgment dated January 26, 2004, in Civil Court, Queens County, on behalf of Oleg Barshay, D.C., P.C., in an action entitled Oleg Barshay, D.C., P.C., as Assignee of Garcelle Louis v State Farm Mut. Ins. Co. (index No. 47045/02), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 20, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that the supporting affidavit of Oleg Barshay, D.C., filed with the court, and signed and notarized on June 14, 2004, is clearly not the same supporting affidavit contained in the within motion papers which, according to the affirmation of service of [the respondent] were served upon [the] defendant on February 3, 2004 — four months before. The allegation of counsel contained in his affirmation as to service of [the] plaintiffs motion papers, purportedly including the supporting affidavit contained therein, is an impossibility. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a motion for summary judgment dated January 22, 2004, in Civil Court, Queens County, on behalf of Dilon Medical Supply Corp., in an action entitled Dilon Med. Supply Corp., as Assignee of Dale Logan v American Ind. Ins. Co. (index No. 128714/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 20, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that the supporting affidavit of Dmitry Kazakov, filed with the court, and signed and notarized on June 24, 2004, is clearly not the same supporting affidavit contained in the within motion papers which, according to the affirmation of service of [the respondent] were served upon [the defendant] on February 3, 2004 — more than four months before. The allegation of [the respondent] contained in his affirmation as to service of [the] plaintiffs motion papers, purportedly including the supporting affidavit contained therein, is an impossibility. More *131 over, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for consideration.”
The respondent filed a motion for summary judgment dated February 25, 2004, in Civil Court, Queens County, on behalf of Dilon Medical Supply Corp., in an action entitled Dilon Med. Supply Corp., as Assignee of Gaston Dandrade v General Cas. Ins. Co. of Wisconsin (index No. 133324/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 20, 2005, the Civil Court denied the motion, finding, inter alia, “[i]n the matter at bar, it is apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that the one page supporting affidavit of Dmitry Kazakov, filed with the court, and signed and notarized on July 2, 2004, is clearly not the same supporting affidavit contained in the within motion papers which, according to the affirmation of service of [the respondent], were served upon [the] defendant on March 1, 2004, four months before — and, unlike the affidavit filed with the court, was two pages long and undated. The allegations of [the respondent] contained in his affirmation as to service of the plaintiff’s motion papers, purportedly including the supporting affidavit contained therein, is an impossibility. Moreover, the defendant is prejudiced by the very fact of defense counsel’s unawareness, on the return date, of the substance of the actual moving papers submitted to the court for its consideration.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of GPM Chiropractic, EC, in an action entitled GPM Chiropractic, P.C., as Assignee of Zulaika Robles v General Assur. Co. (index No. 128573/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 24, 2005, the Civil Court denied the motion, finding, inter alia, that the discrepancy between the dates of the affidavit of Paul Mostun submitted in support of the motion (March 22, 2004), and the respondent’s affirmation in support of the motion (March 12, 2004), “raises doubt that the copy of the document submitted is that of the actual supporting affidavit itself, as required by CPLR 2214, and also leaves open to speculation the propriety of [the] plaintiffs motion papers as a whole . . . Additionally, even *132 more egregious is the fact, apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that each of the two NF-3 claims allegedly submitted to the defendant appears to have been altered as, in each, the wording ‘GPM Chiropractic, PC. By’ was clearly added above the space allotted for the provider’s signature after the issuance of the original NF-3s.”
The respondent filed a motion for summary judgment dated March 12, 2004, in Civil Court, Queens County, on behalf of GPM Chiropractic, P.C, in an action entitled GPM Chiropractic, P.C., as Assignee of Mary Mojica v General Assur. Co. (index No. 128588/03), wherein the plaintiff, a health services provider, sought reimbursement through New York State’s No-Fault Insurance Law. By decision and order dated June 24, 2005, the Civil Court denied the motion, finding, inter alia, that the discrepancy between the dates of the affidavit of Paul Mostun submitted in support of the motion (March 22, 2004), and the respondent’s affirmation in support of the motion (March 12, 2004), “raises doubt that the copy of the document submitted is that of the actual supporting affidavit itself, as required by CPLR 2214, and also leaves open to speculation the propriety of the plaintiff’s motion papers as a whole . . . even more egregious is the fact, apparent upon the court’s examination of the motion papers and as corroborated upon the sanctions hearing . . . that each of the two NF-3 claims allegedly submitted to the defendant appears to have been altered as, in each, the wording ‘GPM Chiropractic, EC. By Pavel Mostun’ was clearly added above the space allotted for the provider’s signature after the issuance of the original NF-3’s.”
By decision dated June 23, 2005, the Civil Court sanctioned the respondent for his conduct related to the foregoing actions (see PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d 172 [2005]). The Civil Court found that in six matters (PDG Psychological, P.C., as Assignee of Ekaterina Tchkadova v State Farm Mut. Ins. Co. [index No. 100072/03]; Oleg Barshay, D.C., P.C., as Assignee of Dorelus Bradford v State Farm Mut. Ins. Co. [index No. 47044/02]; Dilon Med. Supply Corp., as Assignee of Gaston Dandrade v General Cas. Co. of Wisconsin [index No. 133324/03]; Dilon Med. Supply Co., as Assignee of Dale Logan v American Ind. Co. [index No. 128714/03]; Oleg Barshay, D.C. P.C., as Assignee of Garcelle Louis v State Farm Mut. Ins. Co. [index No. 47045/02]; PDG Psychological, P.C., as Assignee of Patricia Sandino v GEICO Ins. Co. [index No. 139065/03]) the *133 respondent “removed the earlier executed affidavit (which was served upon his adversary) from the original motion papers to be filed with the court and replaced same with a one-page affidavit, substantially different in its language and dated well after the affirmation of service. No proof of service of these replacement affidavits was filed with the court” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 174).
The Civil Court further found that, in Delta Diagnostic Radiology, P.C., as Assignee of Jefferson Zelon v Progressive Ins. Co. (index No. 38710/04), the motion served upon defense counsel contained a two-page supporting affidavit dated March 22, 2004, while the motion filed with the court contained a one-page supporting affidavit dated March 12, 2004, “with substantially different contents” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 174).
The Civil Court further found that, in Omni Chiropractic, P.C., as Assignee of Ramos Victor v New York Cent. Mut. Fire Ins. Co. (index No. 139599/03), the respondent served motion papers upon defense counsel “including a two-page affidavit of Bryan Siegel notarized the same day as the purported service, but the affidavit filed with the court was from an entirely different individual and provider executed after the purported service upon [the] defendant” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 174).
The Civil Court further found that, in two cases (Contemporary Acupuncture, P.C., as Assignee of Victor Ramos, Also Known as Victor Robles v New York Cent. Mut. Fire Ins. Co. [index No. 139595/03] and PDG Psychological, P.C., as Assignee of Melissa Charon v Progressive Cas. Ins. Co. [index No. 128621/03]), the supporting “affidavits served upon the adversary were undated and on two pages, and yet the papers filed with the court contained a single page, dated affidavit” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 174-175). The Civil Court further found that, “[significantly, none of the defendants were aware of the bait and switch until either the conference held ... on the return date of the motion or upon the instant [sanctions] hearing” (id. at 175).
The Civil Court further found that, in four cases (PDG Psychological, P.C., as Assignee of Joseph Donna v Travelers Ins. Co. [index No. 100063/03] [claim form “altered by additional handwriting placing the words ‘PDG Psychological, P.C.’ over the signature line and the word ‘by’ next to the ‘signature of E Goldstein’ ”]; PDG Psychological, P.C., as As-
*134 signee of Dawn Miller v General Assur. Co. [index No. 032304/04]; IVB Med. Supply, Inc., as Assignee of Harold Soto v State Farm Mut. Ins. Co. [index No. 038430/04] [the name “ ‘Berlovich’ was inserted on signature line of claim form filed with the court but not on the claim form submitted to the carrier or served upon the carrier’s attorney”]; and GPM Chiropractic, P.C., as Assignee of Mary Mojica v General Assur. Co. [index No. 128588/ 03] [claim form was “altered by inserting ‘GPM Chiropractic, P.C.’ and ‘by Parvel (sic) Moston’ (sic)”]), the respondent “knowingly submitted altered documents to the court, such documents being the very bases of the lawsuits commenced herein. A proper proof of claim is mandated as a building block of a provider’s prima facie case seeking reimbursement under New York State’s No-Fault Insurance Law. Consequently, the courts require a copy of the proof of claims as documentary proof. Apparently to avoid denial of its summary judgment motion[s], the claim forms were altered after service of motion papers upon its adversary (the served papers were not so changed), and, it follows logically, after the initial submission of the claim to the insurance carrier. Each claim form (NF-3) was altered by either adding a ‘signature’ or the corporate name with the word ‘by’ next to the provider’s signature, apparently to signal legal authority” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 175 [citations omitted]).
The Civil Court further found that in the case of PDG Psychological, P.C., as Assignee of Melissa Charon v Progressive Cas. Ins. Co. (index No. 128621/03), the motion served upon defense counsel contained a two-page undated supporting affidavit and a duplicate of the claim form, while the motion filed with the court contained “substantially different papers including a one-page affidavit, dated and signed, and an altered claim[ ] form” (PDG Psychological, P.C. v State Farm Ins. Co., 9 Misc 3d at 176).
The Civil Court further found that the respondent executed “false ‘certifications’ and false affirmations of service . . . Moreover, the documents were misleading and improper material was submitted knowingly by [the respondent]. The court and [the] plaintiffs’ adversaries were both initially deceived and, through such deception, [the respondent] violated the [Court Rules] as well as the CPLR and sought to affect the decision making process of the court. Although the court has not addressed the merits of many of the underlying motions, it simply cannot get beyond the false and perhaps perjurious filings. [The *135 respondent] has provided no good faith reason for falsifying documents or for submitting documents to the court never served upon his adversaries. The only conclusion the court can conjure is that [the respondent] purposely sought to deceive his adversaries and improperly influence the court’s decision” (id. at 177).
The Civil Court imposed sanctions against the respondent for his misconduct in the sum of $34,000 (id. at 178).
Based upon the foregoing, charge one alleges that the respondent engaged in a pattern and practice of conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).
Based upon the foregoing, charge two alleges that the respondent engaged in a pattern of conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).
Based upon the evidence adduced, the Special Referee properly sustained charges one and two. Accordingly, the petitioner’s motion to confirm the Special Referee’s report is granted.
In determining an appropriate measure of discipline to impose, we note that the respondent demonstrates no remorse and persists in blaming others for what he describes as harmless clerical errors. However, the sheer volume of documents at issue suggests otherwise and dispels the respondent’s arguments that he is innocent of conduct prejudicial to the administration of justice and/or conduct involving dishonesty, fraud, deceit, or misrepresentation. His conduct goes to the very core of the judicial system.
Under the totality of the circumstances, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
Mastro, A.EJ., Rivera, Skelos, Dillon and Leventhal, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Alden Banniettis, is disbarred, effective June 29, 2012, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Alden Banniettis, shall comply with this Court’s rules governing the conduct of disbarred, *136 suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Alden Banniettis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Alden Banniettis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).